UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY A. CRAWFORD,<br><br>                  Plaintiff,<br><br>    v.<br><br>DETECTIVE BECKY WHITE,<br><br>                  Defendant. | Case No. 1:19-cv-00508-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Larry A. Crawford is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 7. Plaintiff has now filed an Amended Complaint, which names Detective Becky White as the only Defendant. *See* Dkt. 12.

      The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.    Screening Requirement**

      As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**2.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

**3.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The conviction for which Plaintiff is incarcerated—a 2007 conviction of lewd conduct with a minor under the age of sixteen—was based in part on statements Plaintiff made to Defendant Detective White. Plaintiff alleges that Detective White coerced him into making the statements in violation of Plaintiff's Fifth Amendment right to be free from compelled self-incrimination and his Fourteenth Amendment right to due process of law. *Am. Compl.*, Dkt. 12, at 2.1 to 2.3.

The Court informed Plaintiff in the Initial Review Order that such claims appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); *see* Dkt 7 at 7–8. It is clear from the Amended Complaint that a favorable result in this action—that is, a finding that Detective White unconstitutionally obtained Plaintiff's statements—would imply the invalidity of Plaintiff's conviction. *See id.* at 486–87. Because Plaintiff has not shown that the conviction has been reversed, expunged, or otherwise called into question, *Heck v. Humphrey* bars Plaintiff's § 1983 action.

**4.    Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to File Amended 42 USCS § 1983 Civil Rights Action (Dkt. 10) is GRANTED IN PART, to the extent that the Court has screened Plaintiff's Amended Complaint.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (stating that *Heck* dismissal must be without prejudice so the plaintiff "may reassert his claims if he ever succeeds in invalidating his conviction").

DATED: May 18, 2020

_____
David C. Nye
Chief U.S. District Court Judge